**Karen VALECK, Plaintiff–Appellant,**

v.

**WATSON WYATT AND COMPANY,**
**Defendant–Appellee.**

No. 03–1854.

United States Court of Appeals,
Sixth Circuit.

March 11, 2004.

Karen Valeck, St. Clair Shores, MI, for Plaintiff-Appellant.

Thomas S. Gigot, Groom Law Group, Washington, DC, Michael J. Mills, Bloomfield Hills, MI, for Defendant-Appellee.

Before: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

## ORDER

Karen Valeck, a pro se Michigan resident, appeals a district court judgment dismissing her complaint regarding a denial of long term disability benefits by the plan administrator for Watson Wyatt and Company. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 1999, Valeck applied for disability retirement benefits. After evaluating Valeck's medical condition, the plan administrator notified Valeck on April 17, 2000, that her request for benefits was denied. A subsequent appeal was also denied on June 19, 2000. After being denied benefits, Valeck entered into a general release of claims and settlement agreement with Watson Wyatt. The agreement was executed in August 2000 and released Watson Wyatt from all claims against the company with the exception of her claim to pursue her application for long term disability benefits. After the execution of the release, Valeck filed a second application for benefits in October 2000. Valeck made it clear that her 2000 application was a new claim based on her current condition. That application was denied in March 2001.

Valeck then sought judicial review of her request for benefits under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. The district court, in a published opinion, affirmed the decision of the plan administrator. *Valeck v. Watson Wyatt & Co.,* 266 F.Supp.2d 610 (E.D.Mich.2003).

On appeal, Valeck's brief is construed as raising the same arguments that she presented to the district court.

The standard of review in ERISA cases is de novo unless the benefit plan gives the plan administrator discretion to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see also Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir.1998).

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

Watson Wyatt's pension plan document expressly provides that the company's retirement committee is responsible for administration of the plan and that the committee has "discretionary authority to construe the terms of the Plan ... and ... to determine all questions arising in the administration of the Plan, including those relating to the eligibility of persons to participate; [and] the rights of Employees, former Employees and Beneficiaries...."

Because the plan grants Watson Wyatt's retirement committee complete discretion to determine eligibility for benefits under the plan, Watson Wyatt is entitled to an "arbitrary and capricious" standard of review. Under the arbitrary and capricious standard, the court determines whether Watson Wyatt's decision to deny Valeck benefits was rational and consistent with the terms of the policy. *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991).

The district court properly dismissed the case. Valeck challenges the district court's factual and legal determinations as to both her applications for benefits. Valeck's brief is construed as reiterating the arguments she presented to the district court. Regarding her September 1999 application, the district court summarized the argument as follows:

> At issue with respect to Plaintiff's September 1999 application for Disability Retirement benefits is whether the language of the [Summary Plan Description] SPD—"regular job"—or of the language in the plan itself—"regular occupation"—used by Watson Wyatt in defining "total disability" are in conflict. Ms. Valeck argues that the term "regular job" is narrower than "regular occupation" and means the specific job in the specific office and with the specific supervisor and co-workers with whom

she worked, not just the kind of work she did, which she contends would define her "occupation." She does not claim that anyone at Watson Wyatt ever told her that the two words "job" and "occupation" should be interpreted this way; rather this is merely her own subjective interpretation of the two words. And, because the SPD uses the word "job" while the Plan document itself uses the word "occupation," based upon the distinction between the two words that she herself has drawn. Plaintiff argues that the SPD and Plan document are inconsistent. Therefore, she argues that the Court is required to use the "regular job" language of the SPD and construe that phrase as she does. In support, Plaintiff relies on *Edwards v. State Farm Mutual Automobile Insurance Company*, 851 F.2d 134 (6th Cir.1988).

*Valeck*, 266 F.Supp.2d at 620–21.

■ The district court's analysis in rejecting Valeck's argument was correct. In *Edwards*, the court held that when the summary plan description and the plan document contain conflicting language, the SPD controls. *Edwards*, 851 F.2d at 136. The *Edwards* court enforced the terms of the summary description where the terms directly contradicted those in the plan and where the plaintiff had received only a summary description and not the plan document. The court found that "[i]t is of no effect to publish and distribute a plan summary booklet designed to simplify and explain [the plan] ... and then proclaim that any inconsistencies will be governed by the plan. Unfairness will flow to the employee for reasonably relying on the summary booklet." *Id.* (citations omitted). However, *Edwards* requires more than an inconsistency of terms. The SPD and the plan must directly conflict. *Id.* In this case, the SPD and the plan do not conflict. At most, the alleged inconsistency in terms is that the word "job" as used by the SPD is

ambiguous. "[L]anguage in a plan summary that is merely ambiguous should not be permitted to trump unambiguous language in the plan itself." *Foltice v. Guardsman Prods., Inc.,* 98 F.3d 933, 938 (6th Cir.1996). Even if the plan language did not control, under the arbitrary or capricious standard, the court must defer to the plan administrator's interpretation that is rational in light of the plan's provisions. *Miller,* 925 F.2d at 986. Watson Wyatt's plan administrator determined that Valeck was not disabled because *Miller,* 925 F.2d at 986. Watson Wyatt's plan administrator determined that Valeck was not disabled because the undisputed medical evidence showed that while she could not work with two specific individuals, she could continue her same job as an employee benefit professional under different circumstances. Contrary to her assertions, Valeck was not prevented from generally working, nor was she prevented from continuing to work as an employee benefit consultant. The prohibition was her continued work under the specific management within her department at Watson Wyatt.

The "total disability" provision of both the plan documents and the SPD is that an employee cannot work because of a "disability." It was rational for the plan administrator to find that Valeck was not disabled when the only problem Valeck had with her employment was working with two specific individuals. Therefore, Watson Wyatt did not act arbitrarily or capriciously in denying Valeck's September 1999 application for disability retirement.

In Valeck's second application for disability retirement in October 2000, she emphatically asserted that the application was not a renewal or a request for reconsideration of the denial of her first claim for benefits. Rather, the application was a new claim based upon her condition after June 2000 and not based upon her condition as it was presented in connection with her September 1999 claim.

■ As for Valeck's 2000 application for benefits, that claim is barred by the terms of the "general release of claims and settlement agreement" which was executed by the parties in August 2000. The release and settlement agreement specifically bars "all claims made by [Valeck] or that could have been made by her against" Watson Wyatt as of August 16, 2000, the date on which the agreement was executed. The exception to the agreement was Valeck's claim pursuant to ERISA related to Watson Wyatt's denial of her application for long term disability benefits. The only claim for long term disability benefits which had been denied by Watson Wyatt at the time the general release was executed was the denial of Valeck's 1999 claim. Valeck had not filed any claim based upon her June 2000 condition. The second claim, based on Valeck's condition since June 2000, was not excluded from the settlement agreement. Therefore, the claim is barred by the agreement.

■ Despite being barred by the settlement agreement. Watson Wyatt's decision to deny Valeck's second application was reasonable. Watson Wyatt's decision relies on the pension plan language which states that disability retirement is available to employees whose continued service is terminated by disability. Valeck stopped working for Watson Wyatt in September 1999. Her alleged disability in June 2000 could not have terminated her "continuous service" with Watson Wyatt.

An individual can ordinarily terminate service with his or her employer only once. *See Moriarity v. United Tech. Corp. Represented Employees Ret. Plan,* 158 F.3d 157, 161 (2d Cir.1998). As Valeck was not qualified for disability retirement when her employment was terminated, she cannot earn greater benefits after her termination

than what she received while she was working. *Id.* Thus, Watson Wyatt's decision to deny Valeck's 2000 claim for long term disability benefits was reasonable.

Finally, Valeck attached to her reply brief a two page document dated May 20, 2002, which was not a part of the district court record. Watson Wyatt moved to strike the document from the record. The request was granted by the clerk of court. Valeck has moved for reconsideration of the clerk's decision. We deny the motion for reconsideration as the document is not properly before this court. Valeck has also submitted documents to the court regarding an award of disability benefits. This notification is also struck from the record as it is not applicable to this case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.